IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BEATRICE HUDSON, | ) | |
| | ) | |
| Plaintiff, | ) | 8:05cv384 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| EARNEST ARDALE ALICK, et al., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on filing no. 2, the Motion to Proceed In Forma Pauperis ("IFP") filed by the plaintiff, Beatrice Hudson. The plaintiff brings this action for alleged civil rights violations which occurred from 1998 through 2005. She has named as defendants her former husband, her son, the Nebraska Equal Opportunity Commission ("NEOC"), and the Douglas County District Court Administrator. The alleged civil rights violations involved abuse of the plaintiff's minor son by his father and others. In addition, the NEOC failed to investigate the plaintiff's claims of employment discrimination and directed the plaintiff's claims to the Equal Employment Opportunity Commission ("EEOC") for investigation. Finally, the Douglas County District Court and its administrative personnel allegedly violated the plaintiff's civil rights in the course of domestic relations litigation involving disputes over child custody and visitation.

### Claims Regarding the Plaintiff's Son

The plaintiff has previously filed claims in this court about and on behalf of her son. See, e.g., Case Nos. 8:04cv560 and 8:04cv333. Regarding the alleged abuse of her son, the plaintiff is attempting to vindicate her child's constitutional rights, not her own. However, because she is proceeding pro se, the plaintiff may not assert the rights or claims of her son, and she may not bring this case in a representative capacity for her minor child. Representative parties may not appear pro se on behalf of other litigants. In particular,

1

a non-attorney parent may not appear pro se on behalf of a minor child. Cheung v. Youth Orchestra Found. of Buffalo, Inc., 906 F.2d 59 (2d Cir. 1990). Accord Devine v. Indian River County School Bd., 121 F.3d 576 (11th Cir. 1997), cert. denied, 522 U.S. 1110 (1998); Johns v. County of San Diego, 114 F.3d 874 (9th Cir. 1997); Osei-Afriyie v. Medical College of Pa., 937 F.2d 876 (3d Cir. 1991). "Courts have a duty to enforce this rule sua sponte, as it is designed to protect the legal interests of children." Wenger v. Canastota Cent. School Dist., 146 F.3d 123, 125 (2d Cir. 1998), cert. denied, 526 U.S. 1025 (1999). Thus, although the plaintiff may represent herself by virtue of 28 U.S.C. § 1654, she may not maintain a pro se action on behalf of her son. Devine v. Indian River County School Bd.,121 F.3d at 581. The judges of this court have previously advised the plaintiff of these legal principles.

### Claims Regarding the NEOC

In Case No. 8:05cv151 in this court, the plaintiff sued the NEOC asserting the same claims alleged in this case. The plaintiff stated that after filing 26 or more charges of discrimination with the NEOC between December 4, 2002 and February 1, 2005, she received a letter from the NEOC stating that all future charges filed by her would be deferred to the EEOC for investigation. As the court pointed out in Case No. 8:05cv151, if the NEOC decides to defer to the EEOC, this court is aware of no legal basis for enjoining the NEOC from doing so. The plaintiff points to no provision of civil rights law which renders the NEOC's action illegal.

In addition, the plaintiff cannot bring an action in this court under the federal civil rights laws, 42 U.S.C. §§ 1981, 1983 and 1985, against a state agency. State sovereign immunity, recognized and preserved by the Eleventh Amendment to the United States Constitution, prohibits a plaintiff from suing a state or state agencies and instrumentalities for damages, except insofar as the state or the Congress of the United States has abrogated the state's sovereign immunity. See, e.g., Morstad v. Department of Corrections and Rehabilitation, 147 F.3d 741, 744 (8th Cir. 1998): "[A]bsent a waiver, the Eleventh

Amendment immunizes the state and its officials from § 1983 liability." See also Burk v. Beene, 948 F.2d 489, 492-93 (8th Cir. 1991): "Eleventh Amendment jurisprudence is well-settled: 'a suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment.'..." (Citations omitted.) No waiver of sovereign immunity applies to the plaintiff's claims under 42 U.S.C. §§ 1981, 1983 and 1985.

Even more important, "[a] State's constitutional interest in its sovereign immunity encompasses not merely *whether* it may be sued, but *where* it may be sued." Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 99 (1984) (emphasis in original). See also Becker v. University of Nebraska, 191 F.3d 904, 908 (8th Cir. 1999): "This court has previously held that the State of Nebraska has not consented to federal court jurisdiction." See also Hess v. Port Authority Trans-Hudson Corp., 513 U.S. 30, 39-40 (1994): "The Eleventh Amendment largely shields States from suit in federal court without their consent, leaving parties with claims against a State to present them, if the State permits, in the State's own tribunals." Accord Trevelen v. University of Minnesota, 73 F.3d 816, 818 (8th Cir. 1996): "The Supreme Court has interpreted the Eleventh Amendment to bar actions in federal court against a state by its citizens." The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court. Board of Trustees of Univ. of Alabama v. Garrett, 531 U.S. 356, 363 (2001).

### State Court Administration

In Case No. 8:04cv333 in this court, the plaintiff sued the "Omaha District Court" and others for violations of her civil rights arising out of litigation regarding child custody and visitation. In that case, this court advised the plaintiff that the "Rooker-Feldman doctrine" bars this court from altering or correcting a state court judgment, and no relief is available in this court to do so. In other words, this court has no power to reconsider or alter any of the decisions by the courts of Nebraska regarding custody of the plaintiff's son.

This is the plaintiff's fifteenth federal civil rights lawsuit filed in the past year, each accompanied by a request to proceed IFP. The plaintiff has prevailed on none of those cases, and many have been dismissed as frivolous. As discussed above, each of the plaintiff's claims in the above case has been asserted in one or more previous cases within the last year. The plaintiff is abusing the IFP privilege by engaging in recreational litigation. In addition, in this case, the plaintiff's factual allegations do not state a federal civil rights claim on which relief may be granted.

By moving for leave to proceed IFP, the plaintiff subjects her complaint to review under the standards set forth in 28 U.S.C. § 1915(e)(2), which states:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
>
> (A) the allegation of poverty is untrue; or
>
> (B) the action or appeal–
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

The plaintiff's motion for leave to proceed IFP must be denied because the plaintiff's allegations do not state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii). Therefore, by August 31, 2005, the plaintiff must pay the $250 filing fee, and she must file an amended complaint.

IT THEREFORE HEREBY IS ORDERED:

1. Filing no. 2, the plaintiff's Motion to Proceed IFP, is denied;

      2.      The plaintiff shall pay the court's $250 filing fee by August 31, 2005, and she shall file an amended complaint by that date; and

      3.      In the absence of payment of the filing fee and the filing of a properly amended complaint by August 31, 2005, this case is subject to dismissal without further notice.

      DATED this 10th day of August, 2005.

                                          BY THE COURT

                                          s/ *David L. Piester*
                                          David L. Piester
                                          United States Magistrate Judge