IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BEATRICE HUDSON, | ) | |
| | ) | |
| Plaintiff, | ) | 8:05cv384 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| EARNEST ARDALE ALICK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on filing nos. 6, 7 and 8, in which the plaintiff, Beatrice Hudson, moves to appeal in forma pauperis ("IFP") to the United States Court of Appeals for the Eighth Circuit from an order by Magistrate Judge David L. Piester (filing no. 5) denying Ms. Hudson's motion to proceed IFP in the district court. Magistrate Judge Piester reviewed the plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) and found that the complaint failed to state a claim on which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii). He ordered the plaintiff to pay the $250 filing fee by August 31, 2005 and to file an amended complaint by that date. The plaintiff has failed to comply with Magistrate Judge Piester's order in either respect.

The plaintiff may not appeal directly to the Eighth Circuit Court of Appeals from a nondispositive order by a Magistrate Judge. Therefore, this case has been reassigned to the undersigned district judge, and the plaintiff may appeal to the Eighth Circuit from this Memorandum and Order. In the meantime, filing nos. 6, 7 and 8 are denied as premature.

As the judges of this court have learned from the sixteen civil rights cases filed by the plaintiff in recent months, the plaintiff's former husband has custody of their minor son, and a state court has issued orders of protection barring the plaintiff from various premises

such as the son's middle school.  In addition, the plaintiff is dissatisfied with the Nebraska Equal Opportunity Commission ("NEOC"),[1] and she wishes to relitigate in federal court various custodial and protection orders issued by the District Court of Douglas County, Nebraska.  Also, the plaintiff has engaged in many altercations with officers of the Omaha Police Department, giving rise to at least eight lawsuits by the plaintiff against the City of Omaha in the past year. Each of the plaintiff's sixteen recent cases has been accompanied by a request to proceed IFP. The plaintiff has prevailed on none of those cases, and many have been dismissed as frivolous.

The plaintiff's various lawsuits all involve one or more of the foregoing themes, and all are couched as claims of racial discrimination.  The above-entitled action alleges civil rights violations from 1998 through 2005 inflicted by the plaintiff's former husband, the NEOC, and the Douglas County District Court Administrator.   I agree with Magistrate Judge Piester's assessment that the plaintiff has failed to state a claim on which relief may be granted for the reasons stated in filing no. 5.

By moving for leave to proceed IFP, the plaintiff subjected her complaint to review under the standards set forth in 28 U.S.C. § 1915(e)(2), which states:

---

[1] The plaintiff has previously sued the NEOC without success in at least two other recent cases. In Case No. 8:05cv151, for example, the plaintiff stated that after filing twenty-six (26) or more charges of discrimination with the NEOC between December 4, 2002 and February 1, 2005, she received a letter from the NEOC stating that all future charges filed by her would be deferred to the EEOC for investigation. I agree with the decision in Case No. 8:05cv151 that "if the NEOC decides to defer to the EEOC, the court is aware of no legal basis for  enjoining the NEOC from doing so.  The plaintiff points to no provision of Title VII [of the Civil Rights Act of 1964] which renders the NEOC's action illegal." (See Case No. 8:05cv151, filing no. 4 at 2.) The plaintiff may not recover monetary, injunctive or declaratory relief against the NEOC for many reasons, including for the reason that the NEOC and the EEOC share concurrent jurisdiction to investigate charges of employment discrimination in Nebraska.

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–

(A) the allegation of poverty is untrue; or

(B) the action or appeal–
(i) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.

This case will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The plaintiff has thirty (30) days from the entry of this Memorandum and Order to file a Notice of Appeal and any related motions.

THEREFORE, IT IS ORDERED:

1. That filing nos. 6, 7 and 8, the plaintiff's motions relating to an appeal to the Eighth Circuit Court of Appeals, are denied as premature;

2. That this action and the plaintiff's complaint are dismissed without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii);

3. That a separate judgment will be entered accordingly; and

4. That, pursuant to Fed. R. App. P. 4(a)(1)(A), the plaintiff has thirty (30) days from the entry of this Memorandum and Order to file a Notice of Appeal to the Eighth Circuit Court of Appeals and any related motions.

September 22, 2005.        BY THE COURT:

/s *Richard G. Kopf*
United States District Judge